**BEGLEY, CARLIN & MANDIO, LLP**
BY: BRADLEY R. CORNETT, ESQUIRE
Attorney I.D. No.: 88662
680 Middletown Boulevard
Langhorne, PA 19047
215-750-0110
bcornett@begleycarlin.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYNTHIA SCHICK** <br> 1303 Old Jacksonville Road <br> Ivyland, PA 18974 <br><br> v. <br><br> **RESTAURANT BRANDS INTERNATIONAL US SERVICES, LLC** <br> Trading as and doing business as **BURGER KING** <br> 562 High Street <br> Lock Haven, PA 17745 <br> And <br> **CARROLS CORPORATION** <br> Trading as and Doing business as **BURGER KING** <br> 562 High Street <br> Lock Haven, PA 17745 <br> And <br> **BURGER KING CORPORATION** <br> Trading as and Doing business as **BURGER KING** <br> 562 High Street <br> Lock Haven, PA 17745 | : Civil Action No. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action due to diversity of state citizenship between the Plaintiffs and the Defendant.

{00911907/}

## VENUE

2. The within cause of action is properly within the venue of this United States District Court pursuant to the United States Code 28 U.S.C.A. §1391(a), in that the Plaintiff resides within the territorial jurisdiction of this United States District Court and the accident occurred within the territorial jurisdiction of this United States District Court.

## PARTIES

3. Plaintiff Cynthia Schick is an adult individual citizen and resident of the Commonwealth of Pennsylvania residing at 1303 Old Jacksonville Road, Ivyland, PA 18974.

4. Defendant Restaurant Brands International US Services, LLC, Inc., trading as and doing business as Burger King is a corporation authorized to conduct business and regularly doing business within the confines of the Commonwealth of Pennsylvania. Defendant Restaurant Brands International US Services, LLC, a/k/a Burger King has numerous places of business in Clinton County, including, but not limited to, a restaurant located at 562 High Street, Lock Haven, Pennsylvania 17745 , with its corporate address located at 5505 Blue Lagoon Drive, Miami-Dade, Florida.

5. Defendant Carrols Corporation, trading as and doing business as Burger King, is a corporation authorized to conduct business and regularly doing business within the confines of the Commonwealth of Pennsylvania. Defendant Carrols Corporation, a/k/a Burger King has numerous places of business in Philadelphia County, including, but not limited to, a restaurant located at 562 High Street, Lock Haven, Pennsylvania 17745, with its corporate address located at 968 James Street, P.O. Box 6969, Syracuse, New York.

6. Defendant Burger King Corporation, trading as and doing business as Burger King, is a corporation authorized to conduct business and regularly doing business within the

confines of the Commonwealth of Pennsylvania. Defendant Carrols Corporation, a/k/a Burger King has numerous places of business in Philadelphia County, including, but not limited to, a restaurant located at 562 High Street, Lock Haven, Pennsylvania 17745, with its corporate address at 5505 Blue Lagoon Drive, Miami-Dade, Florida.

7. Defendants herein, Restaurant Brands International US Services, LLC, Carrols Corporation and Burger King Corporation, jointly and severally, are the owners and operators of thousands of Burger King Restaurants around the United States, including multiple locations in Philadelphia County and the Commonwealth of Pennsylvania, and a location at 562 High Street, Lock Haven, Pennsylvania.

8. The Defendants have, jointly and severally, under their care, direction, supervision and control, and are responsible for, the maintenance of the aforesaid Burger King restaurant building and its parking lots, driveways, drive-thru lanes, buildings, sidewalks, walkways, aisles, flooring, ceiling, shrubbery and all other personal and real property located on the property at 562 High Street, Lock Haven, Pennsylvania 17745.

## COMMON FACTS

9. On or about August 12, 2018 at approximately 10:30 a.m., there existed on the premises located at 562 High Street, Lock Haven, Pennsylvania 17745, a door/entrance/exit for customers to the outside parking lot which lead to a landing area without any warning of drop-off was dangerous to patrons and business invitees of the aforesaid premises, and formed an inherently dangerous condition on the aforesaid premises.

10. Defendants herein, jointly and severally, had or should and could have had, in the exercise of reasonable care, notice of the existence of this condition, irregularity, obstruction and defect for some time in the form of a handrail and/or warning or both prior to 10:30 August 12,

2018.

11. On or about the aforesaid date and at the aforesaid time, Plaintiff Cynthia Schick was lawful business invitee and patron of the aforesaid Burger King Restaurant and during the regular course of business, after completing her purchase, Plaintiff exited the aforesaid door of the premises going toward her car parked in the provided lot for patrons. The Plaintiff exited the door and as she stepped her foot went off a large dropped off causing her to fall forward striking her head and right leg severely injuring various parts of her body.

### COUNT I

12. Plaintiff Cynthia Schick incorporates by reference each and every allegation set forth in paragraphs one (1) through eleven (11) of the within Complaint, as if each such allegation were separately set forth hereinafter at length.

13. The accident aforementioned was caused solely and exclusively by reason of the negligence of the Defendants herein, jointly and severally, and by and through their agents, servants, workmen and/or employees, acting within the course and scope of their employment and authority, and was due in no manner whatever to any act or failure to act on the part of the Plaintiff herein.

14. All acts of negligence complained of herein were the results of actions or inactions of the Defendants, jointly and severally, and by and through their agents, servants, workman and/or employees, all acting within the course and scope of their employment and authority, and were the proximate cause of all injuries and damages sustained by the Plaintiff herein.

15. The negligence of the Defendants, jointly and severally, and by and through their agents, servants, workmen and/or employees acting within the course and scope of their

employment and authority, consisted of, but was not limited to, any or all of the following:

    (a)    Failure to properly maintain, supervise and control the buildings, walkways, platforms, sidewalks, aisles, parking areas, driveways, drive-thru lanes, doors and flooring on the aforementioned store as well as other public areas of the aforementioned subject premises;

    (b)    Failure to properly maintain and provide safe conditions for public travel in and about the aforesaid premises;

    (c)    Permitting the existence of the aforementioned obstruction, irregularity and defect, and in failing to give warning or notice of said condition to the public;

    (d)    Failure to provide proper and adequate lighting in all areas of the subject premises, specifically in the area of the aforementioned door/entrance/exit on subject premises where Plaintiff's accident occurred;

    (e)    Failure to properly repair and/or to cause repairs and/or removal of the aforementioned obstruction, irregularly and defect from the door/entrance/exit of the aforesaid premises where Plaintiff's accident occurred;

    (f)    Failure to provide a level surface and providing an inferior surface, for the door/entrance/exit area near the defective door on the premises where Plaintiff's accident occurred, and in failing to give warning or notice of said condition to the public;

    (g)    Failure to inspect, maintain, clean, clear or remover the aforementioned objection, irregularity and defect from the front door of the aforesaid premises where Plaintiff's accident occurred, in a reasonable and prudent manner;

    (h)    Failure to issue any warnings, verbal, written, actual and/or constructive to business invitees of the dangerous condition which existed in the aforesaid door/entrance/exit area of the subject premises where Plaintiff's accident occurred;

    (i)    Permitting and allowing business invitees to walk in and about the area of the Plaintiff's aforementioned accident, when said Defendants knew, or in the exercise of reasonable care should have, and/or could have known, of the dangerous condition which they had created, and which existed at the time of Plaintiff's accident;

    (j)    Failure to post adequate warning signs, railings, barriers and/or barricades or cones in an effort to alert business invitees of the dangerous

condition which existed on the aforesaid premises, in the area where Plaintiff's accident occurred;

(k)     Failure to clean, clear and/or remove the aforementioned obstruction, irregularity and defect in the form of the malfunctioning door/entrance/exit and the uneven and unlevel area where patron's exited from said door, which together formed an inherently dangerous condition as aforementioned at the front door exit, and in failing to properly hirer and/or supervise the employees charged with removing and cleaning and clearing the obstruction, irregularity and defect from the aforesaid place on subject premises;

(l)     The corporate Defendants herein hired, employed and/or promoted the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, clean, clear, repair or remove the aforementioned obstruction, irregularity and defect from the area of the aforementioned restaurant store where Plaintiff's accident occurred;

(m)     The corporate Defendants herein permitted the various agents, servants, workmen and/or employees who had the responsibility and obligation to inspect, maintain, clean, clear, repair and/or remove the aforementioned obstruction, irregularity and defect, to continue to work as agents, servants, workmen and/or employees, when said Corporate Defendant knew and/or should have known, in the exercise of reasonable care, that said agents, servants, workman and/or employees were unable to and/or incapable of properly performing the requirements of their respective employment;

(n)     The Corporate Defendants herein failed to establish procedures and programs to determine whether employees, agents or potential agents or employees were and/or are fit and capable of properly performing the requirements of their respective employments or agencies;

(o)     The Corporate Defendants herein was negligent, careless, reckless and/or unlawful under the circumstances, in the hiring, employing and/or promoting of the various agents, servants, workmen and/or employees, who were or are responsible and obligated to properly inspect, maintain, clean, clear, remove or repair the aforementioned obstruction, irregularity and defect from the area where the aforesaid accident occurred on Defendant's subject premises;

(p)     The Defendants failed to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident; and

(q)     Defendants were negligent, careless, reckless and/or unlawful

toward the Plaintiff under the specific circumstances as herein before described in detail above.

**WHEREFORE**, Plaintiff Cynthia Schick demands judgment against the Defendants named herein, jointly and severally, in a sum in excess of $125,000.00 upon the aforesaid cause of action.

## COUNT II

16. Plaintiff Cynthia Schick incorporates by reference each and every allegation set forth in paragraphs one (1) through fifteen (15) of the within Complaint, as if each such allegation were separately set forth hereinafter at length.

17. The aforementioned door area was built and designed b by the Defendants herein was defective and unreasonably dangerous condition consisted of, but was not limited to, some or all of the following:

   (a) defectively designed for its intended safe use and purposes;

   (b) negligently and defectively designed for the purpose to which the general public and/or the Plaintiff in particular would use the aforesaid space heater.

   (c) defectively means of egress for general public

   (d) improper means of egress pursuant to local, state and federal building codes

18. The aforesaid defective and unreasonably dangerous condition of the aforementioned door area at the time that it left the Defendants' control, and further existed at the time when Plaintiff fell. By reason of the aforesaid misconduct of the Defendants, the Plaintiff suffered the injuries and damages more particularly hereinafter set forth at length.

**WHEREFORE**, Plaintiff Cynthia Schick demands judgment against the Defendants

{00911907/}

named herein, jointly and severally, in a sum in excess of $125,000.00 upon the aforesaid cause of action.

### COUNT III

19. Plaintiff Cynthia Schick incorporates by reference each and every allegation set forth in paragraphs one (1) through eighteen (18) of the within Complaint, as if each such allegation were separately set forth hereinafter at length.

20. As a result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Cynthia Schick sustained multiple fractures of the right leg, requiring several surgical interventions which included the installation of hardware and a rod into the right leg from the knee to the ankle; a closed head injury with a severe concussion, dizziness and nausea; a severe-acute and chronic strain and sprain of the cervical spine; bruises, lacerations and contusions about the head, neck, upper and lower body; and severe damage to her nerves and nervous system, some or all of which injuries Plaintiff has been advised by his physicians are or may be permanent in nature.

21. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Cynthia Schick has been obliged to expend various and diverse sums of money for medicines, medical care and treatment, in and about an effort to cure herself of the ills and injuries she has suffered, and Plaintiff will be obliged to continue to do so for an indefinite time in the future, all to his great detriment and loss. Said medical expenses incurred by Plaintiff to date are approximately $250,000.00 and are continuing.

22. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Cynthia Schick has suffered a severe loss of her earnings and impairment of her earning capacity and power, and Plaintiff will continue to endure same for an indefinite

time in the future, all to her great detriment and loss.

23. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Cynthia Schick has been unable to attend to her usual daily duties and occupations, and she will be unable to attend to same for an indefinite time in the future, all to her great detriment and loss.

24. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Cynthia Schick has and will continue hereafter to endure great pain and suffering, traumatic neurosis, traumatic anxiety, depression, nervousness, embarrassment and humiliation, and the loss of the natural enjoyment of life and life's pleasures, all to her great detriment and loss.

25. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Cynthia Schick has suffered other personal and pecuniary damages, all to her great detriment and loss.

**WHEREFORE,** Plaintiff Cynthia Schick demands judgment against the Defendants named herein, jointly and severally, in a sum in excess of $125,000.00 upon the aforesaid cause of action.

BEGLEY, CARLIN & MANDIO, LLP

BY: _____
BRADLEY R. CORNETT, ESQUIRE
*Attorneys for Plaintiff*
Attorney I.D. No.: 88662
680 Middletown Boulevard
Langhorne, PA 19047
215-750-0110
bcornett@begleycarlin.com

Date: 8/11/20

{00911907/}