## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYNTHIA SCHICK,

        Plaintiff,

    v.

CARROLS CORPORATION t/a/d/b/a
BURGER KING,

        Defendant,

    v.

BEAUDETTE CONSTRUCTION
COMPANY, INC.,

        Third-Party Defendant,

    v.

GBC DESIGN, INC.,

        Third-Party Defendant.

No. 4:20-CV-01422

(Judge Brann)

## MEMORANDUM OPINION

### JUNE 11, 2021

## I.    BACKGROUND

On August 11, 2020, Plaintiff Cynthia Schick filed a Complaint against Defendants Restaurant Brands International US Services, LLC (hereinafter "Restaurant Brands"), Carrols Corporation (hereinafter "Carrols"), and Burger King Corporation (hereinafter "Burger King").[1] Plaintiff alleges that she fell off a curb

---

[1]    Doc. 1. Restaurant Brands and Burger King have been dismissed from this action based on a stipulation of the parties. Doc. 21.

and injured herself while walking to her vehicle outside of a Burger King restaurant located in Lock Haven, Pennsylvania.[2]

On September 4, 2020, Defendant Carrols filed an Amended Third-Party Complaint against Beaudette Construction Company, Inc. (hereinafter "Beaudette") alleging that Beaudette constructed the Burger King restaurant, including the curb area where Plaintiff allegedly fell.[3] On March 11, 2021, Beaudette filed an Amended Third-Party Complaint against GBC Design, Inc. (hereinafter "GBC") alleging that GBC was responsible for designing the curb where Plaintiff allegedly fell and, accordingly, to the extent that Plaintiff alleges that the curb was negligently designed, GBC is the proper defendant to that claim.[4] GBC filed a motion to dismiss the Amended Third-Party Complaint contending that Beaudette did not file a required certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3.[5]

For the following reasons, GBC's motion to dismiss is denied.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a District Court will dismiss a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a

---

[2]   Doc. 1.
[3]   Doc. 14.
[4]   Doc. 40.
[5]   Doc. 41.

pleading"[6] and "streamlines litigation by dispensing with needless discovery and factfinding."[7] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[8] This is true of any claim in a complaint, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[9]

Following the Roberts Court's "civil procedure revival,"[10] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[11] and *Ashcroft v. Iqbal*[12] tightened the standard that district courts must apply to 12(b)(6) motions.[13] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[14]

Accordingly, after the *Twombly* and *Iqbal* decisions, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[6]   *Richardson v. Bledsoe,* 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Mach., Inc.,* 249 U.S. 672, 675 (7th Cir. 2001) (Easterbrook, J.).

[7]   *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

[8]   *Id.* at 326 (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[9]   *Id.* at 327.

[10]  Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313, 316, 319-20 (2012).

[11]  550 U.S. 544 (2007).

[12]  556 U.S. 662, 678 (2009).

[13]  *Id.* at 670 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[14]  *Id.* (citing *Conley*, 355 U.S. at 41 (1957).

[15]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

inference that the defendant is liable for the misconduct alleged."[16] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[17] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[18]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[20]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[21] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal

---

[16]   *Id.*
[17]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal citations omitted).
[18]   *Twombly*, 550 U.S. at 556.
[19]   *Iqbal*, 556 U.S. at 679.
[20]   *Id.* at 678 (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).
[21]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

conclusions."[22] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[23]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[24]

## III.   ACTS OF NEGLIGENCE ALLEGED

In her Complaint, Plaintiff contends that Carrols defectively designed and constructed the curb area where the Plaintiff allegedly fell and injured herself.[25] Plaintiff asserts that the curb area was "negligently and defectively designed for the purpose to which the general public and/or the Plaintiff in particular would use the aforesaid space."[26] Further, Plaintiff alleges that the curb area was "defectively (*sic*) means of egress for general public."[27]

---

[22]   *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[23]   *Iqbal*, 556 U.S. at 678.

[24]   *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[25]   Doc. 1 at ¶¶ 17.

[26]   Doc. 1 at ¶¶ 17(b).

[27]   Doc. 1 at ¶¶ 17(c).

In Carrols' Amended Third-Party Complaint, Carrols alleges that Third-Party Defendant Beaudette is "solely liable on the Plaintiff's cause of action."[28] Further, Carrols alleges that Beaudette "is liable to Carrols on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which Plaintiff's cause of action is based."[29]

In Beaudette's Amended Third-Party Complaint against GBC, Beaudette "incorporates by reference the allegations and claims set forth in Plaintiff's complaint, and Carrols' (*sic*) Corporation's Amended Third Party Complaint, without admission or adoption of the same."[30] Further, Beaudette specifies such allegations against GBC, contending that GBC:

> (a) Negligently and defectively designed the subject curb for its intended safe use and purpose(s);
>
> (b) Negligently and defectively designed the subject curb for the purpose to which the general public and/or the Plaintiff would use the aforesaid curb;
>
> (c) Negligently and defectively designed the subject curb for means of egress for the general public; and
>
> (d) Negligently and defectively designed the subject curb for egress pursuant to local, state, and federal building codes.

---

[28] Doc. 14 at ¶¶ 15.

[29] *Id.*

[30] Doc. 40 at ¶¶ 13.

## IV.    DISCUSSION

Pennsylvania's three District Courts sitting in diversity apply Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.[31] In certain scenarios involving professionals, Rule 1042.3 requires parties to file a certificate of merit either "with the complaint or within sixty days after the filing of the complaint."[32] However, "[a] defendant or an additional defendant who has joined a licensed professional as an additional defendant or asserted a cross-claim against a licensed professional need not file a certificate of merit unless the joinder or cross-claim is based on acts of negligence that are unrelated to the acts of negligence that are the basis for the claim against the joining or cross-claiming party."[33]

Stated differently, if a defendant or additional defendant's joinder or cross-claim incorporates claims of negligence alleged against such defendant or additional defendant, then the incorporated claims of negligence do not require a certificate of merit because they are necessarily related to the acts of negligence that are the basis for the claim against the defendant or additional defendant.[34] The claims are necessarily related because a defendant or additional defendant's incorporated claims of negligence against a joining or cross-claiming party are the same as the claims of negligence alleged against the defendant or additional defendant.[35]

---

[31]  *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264 (3d Cir. 2011).
[32]  Pa.R.Civ.P. 1042.3(a).
[33]  Pa.R.Civ.P. 1042.3(c)(2).
[34]  *See Kelly Systems, Inc. v. Leonard S. Fiore, Inc.*, 198 A.3d 1087, 1096-97 (Pa. Super. Ct. 2018).
[35]  *See id.*

Therefore, a defendant or additional defendant's incorporated claims of negligence do not require a certificate of merit pursuant to Rule 1042.3(c)(2) of the Pennsylvania Rules of Civil Procedure.

Here, Beaudette is not required to file a certificate of merit because the acts of negligence Beaudette alleges against GBC are related to the acts of negligence Carrols alleges against Beaudette, as Beaudette's Amended Third-Party Complaint against GBC incorporates Carrols' claims of negligence against Beaudette. In Beaudette's Amended Third-Party Complaint against GBC, Beaudette "incorporates by reference the allegations and claims set forth in Plaintiff's complaint, and Carrols' (*sic*) Corporation's Amended Third-Party Complaint, without admission or adoption of the same."[36] Therefore, Beaudette is not required to file a certificate of merit pursuant to Rule 1042.3(c)(2).

GBC argues that Beaudette's joinder of GBC is based on acts of negligence unrelated to the acts of negligence that are the basis for Carrols' claims against Beaudette because "Beaudette and GBC provided unrelated work and/or services on the Project."[37] GBC contends that "[w]ith respect to the Project at issue, GBC provided limited and specific engineering and design services as a consultant to the Owner, Defendant Carrols Corporation"[38] while Beaudette provided no professional services. In addition, GBC contends that "Beaudette and GBC provided separate and

---

[36] Doc. 40 at ¶¶ 13.
[37] Doc. 42 at 7.
[38] *Id.* at 3-4.

distinct work and/or services in connection with the Project."[39] GBC concludes that "the alleged acts of negligence set forth in the foregoing pleadings against Beaudette and GBC are unrelated."[40]

The Court disagrees. The acts of negligence alleged against Beaudette are related to the acts of negligence alleged against GBC even if "Beaudette and GBC provided separate and distinct work and/or services in connection with the Project."[41] Rule 1042.3(c)(2) discusses whether the "joinder or cross-claim is based on acts of negligence that are unrelated to the acts of negligence that are the basis for the claim against the joining or cross-claiming party."[42] Beaudette's Amended Third-Party Complaint against GBC incorporated acts of negligence already alleged against Beaudette in Carrols' Amended Third-Party Complaint.[43] In Beaudette's Amended Third-Party Complaint, Beaudette "incorporates by reference the allegations and claims set forth in Plaintiff's complaint, and Carrols' (*sic*) Corporation's Amended Third Party Complaint, without admission or adoption of the same."[44] Importantly, Plaintiff alleges that she was injured because the curb was defectively designed,[45] and Carrols alleges that any damages were the result of

---

[39] *Id.* at 4.
[40] *Id.*
[41] *Id.*
[42] Pa.R.Civ.P. 1042.3(c)(2).
[43] Doc. 40 at ¶¶ 13.
[44] *Id.*
[45] Doc. 1 at ¶¶ 17-18.

Beaudette's negligence.[46] These allegations are identical to Beaudette's allegations against GBC.[47] Therefore, the acts of negligence alleged against Beaudette in Carrols' Amended Complaint and the acts of negligence alleged against GBC in Beaudette's Amended Complaint are related even if GBC only "provided limited and specific engineering and design services as a consultant to the Owner, Defendant Carrols Corporation."[48]

Similarly, GBC argues that Beaudette's joinder of GBC is based on acts of negligence unrelated to the acts of negligence that are the basis for Carrols' claims against Beaudette because "Beaudette did not provide any professional services on the Project."[49] GBC contends that "[t]he only services GBC provided in connection with the Project were professional engineering services and GBC has no other connection to the Property."[50] Further, GBC states that "Beaudette did not contract to provide any professional services, nor did it provide any professional services in connection with the Project."[51] GBC affirms that "the alleged acts of negligence set forth in the foregoing pleadings against Beaudette and GBC are unrelated."[52]

The Court again disagrees. The acts of negligence alleged against Beaudette are related to the acts of negligence alleged against GBC even if Beaudette did not

---

[46]   Doc 14 at ¶¶ 13.
[47]   Doc 40 at ¶¶ 15.
[48]   Doc. 42.
[49]   *Id.* at 7.
[50]   *Id.*
[51]   *Id.* at 4.
[52]   *Id.*

provide professional services. Rule 1042.3(c)(2) does not distinguish between professional joining or cross-claiming parties and non-professional joining or cross-claiming parties.[53] Instead, Rule 1042.3(c)(2) is relevant to "[a] defendant or an additional defendant who has joined a licensed professional as an additional defendant or asserted a cross-claim against a licensed professional."[54] Rule 1042.3(c)(2) applies irrespective of whether the joining or cross-claiming party provides professional services.[55] The acts of negligence alleged against Beaudette in this matter are related to the acts of negligence alleged against GBC and, accordingly, Beaudette is not required to provide a certificate of merit.

## V.     CONCLUSION

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[53]  *Compare Kelly Systems, Inc. v. Leonard S. Fiore, Inc.*, 198 A.3d 1087, 1096-97 (Pa. Super. Ct. 2018), *with* Report & Recommendation, *Riley v. Upper Allegheny Health System*, No. 1:18-CV-00017 (W.D.Pa. Jan. 29, 2019), 2019 WL 1957266 (adopted by Baxter, J.). *See also* Pa.R.Civ.P. 1042.3(c)(2).

[54]  *See id.*

[55]  *See id.*